MERRITT CLARK v. SCHOOL DISTRICT No. 7, IN PAWLET.

*Contract.*

A school teacher who contracts to teach for a definite term and leaves before the term is finished, without excuse, cannot recover anything for his part performance.

BOOK ACCOUNT. The plaintiff's account was for teaching school for the defendants for one and a half months. The facts as found and reported by the auditor are sufficiently stated in the opinion of the court.

The county court, March Term, 1856,—PIERPOINT, J., presiding,—rendered judgment upon the auditor's report in favor of the defendants, to which the plaintiff excepted.

*F. Potter* and *J. B. Beaman,* for the plaintiff.

*J. B. Bromley,* for the defendant.

The opinion of the court was delivered by

ISHAM, J. It is found in this case that the plaintiff was employed as a teacher in this school district for three months and a half, for the sum of fifty-five dollars; that he entered upon his duties under

that contract on the 14th of November, 1853, and so continued for the period of one month and a half. The auditor states that the plaintiff during that time was unfaithful and inattentive to his business as a teacher; but as the prudential committee did not interfere in that matter, his right to recover in this case is not affected by that circumstance.

It appears, however, that at the expiration of that period, the plaintiff applied to the prudential committee to be discharged from further service as a teacher under his contract, but that no arrangements of that kind were ever made; and that, soon after, he left the school himself and was gone for five or six days to Hebron, in the state of New York, without any communication on the subject with the committee of the district, and against their will. This justified the committee in hiring another teacher, and treating the plaintiff as having abandoned his contract and his relation as teacher in that district. The contract of the plaintiff was clearly an entire contract, and the case falls within the general principal that if a contract for service is made for a specified period, and for a specific compensation, and the plaintiff leaves that service without sufficient cause, he cannot sustain an action for such services as were rendered. The full performance of the contract on his part is a condition precedent, and if not performed agreeable to its provisions, there can be no recovery for such services as were rendered. This doctrine has been frequently decided in this state and we think must govern this case.

Judgment affirmed.